# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**GRETCHEN JOHNSTON,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0308** (BOR Appeal No. 2055800)
                    (Claim No. 2019017591)

**WHEELING HOSPITAL, INC.,**
**Employer Below, Respondent**

# MEMORANDUM DECISION

Petitioner Gretchen Johnston, by Counsel M. Jane Glauser, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Wheeling Hospital, Inc., by Counsel Jennifer B. Hagedorn, filed a timely response.

The issue on appeal is an additional compensable condition. The claims administrator denied a request to add L5-S1 herniated disc to the claim on August 2, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its September 17, 2020, Order. The Order was affirmed by the Board of Review on March 18, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

> (d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue

1

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Johnston, a registered nurse, injured her lower back lifting a patient's legs while assisting them into bed on February 7, 2019. The record indicates Ms. Johnston previously injured her lower back at work resulting in claim number 2010127764, which was held compensable for lumbar sprain on March 23, 2010. She also previously had an acute lumbar sprain, which she had treated with physical therapy in late 2016. She reported significant improvement and was released to full duty work by Ross Tennant, FNP, beginning November 7, 2016. On January 7, 2019, Thad Schrickel, D.C., stated that Ms. Johnston received chiropractic care for issues involving her tailbone as well as migraines. On January 29, 2019, her symptoms had improved. She received an adjustment that day to relieve lumbar spine somatic dysfunction. Ms. Johnston received another adjustment on February 4, 2019, for her lumbar spine.

Ms. Johnston returned to Dr. Schrickel the day after the compensable injury at issue and reported severe lower back pain due to her compensable injury. Ms. Johnston sought treatment from Wheeling Hospital on February 9, 2019, for left leg numbness and lower back pain after injuring her back at work. She was diagnosed with a herniated disc. An MRI was performed that day and showed transitional appearance to the L5 vertebral body, which was partially sacralized and a central disc protrusion at L5-S1 abutting both S1 nerve roots.

The Employees' and Physicians' Report of Injury, completed on February 9, 2019, indicated Ms. Johnston injured her lower back while helping patients into their beds. The physician's section indicated Ms. Johnston was diagnosed with a lumbar spine injury. The diagnoses were listed as paresthesia of skin and overexertion from strenuous moving or lifting.

On February 10, 2019, Ms. Johnston was treated by Dr. Schrickel and reported severe lower back pain and left leg and knee tingling. An Employer's Report of Occupational Injury was completed on February 15, 2019, and stated that Ms. Johnston injured her back on February 7, 2019, while helping patients into their beds. Ms. Johnston returned to Dr. Schrickel on February 15, 2019, and reported increased pain due to physical therapy.

The claim was held compensable for strain of the muscle, fascia, and tendon on February 21, 2019. Temporary total disability benefits were granted from February 13, 2019, through February 20, 2019. On February 23, 2019, Ms. Johnston reported low back pain and incontinence

2

to Dr. Schrickel and was advised to see a neurologist. Ms. Johnston reported on February 27, 2019, that pool therapy had significantly reduced her low back pain. A physician's request from Health Management Solutions, Inc., completed on February 27, 2019, indicated Ms. Johnston suffered from an L5-S1 disc herniation.

In a June 11, 2019, Independent Medical Evaluation, ChuanFang Jin, M.D., recommended continuing physical therapy and transitioning to a home exercise program. Dr. Jin opined that the L5-S1 disc herniation was not traumatic in nature. The MRI showed that it was degenerative in nature. Dr. Jin explained that the MRI actually showed a disc protrusion rather than a herniation. She stated that the terms were loosely used, but a herniated disc can result from trauma or degeneration and a disc protrusion is usually the result of degeneration. Dr. Jin explained that a herniated disc is a condition in which part, or all, of the soft central portion of the disc is forced through a ruptured or torn part of the disc. A disc protrusion or bulge is a condition where the center of the spinal disc remains contained in the annulus fibrosus. Dr. Jin noted that David Cohen, M.D., a neurosurgeon, evaluated Ms. Johnston's MRI and found a disc bulge at L5-S1. Dr. Jin opined that Ms. Johnston's disc protrusion was degenerative in nature. She noted that Ms. Johnston had several emergency department visits due to lower back pain. She believed that this represented typical degenerative disc disease progression.

The claims administrator denied a request to add L5-S1 disc herniation to the claim on August 2, 2019. On November 4, 2019, the claims administrator granted reimbursement for a lumbar spine injection and physical therapy. The claims administrator authorized physical therapy, a lumbar spine injection, and a follow-up visit with Dr. Pratt in a November 29, 2019, decision.

In a December 11, 2019, letter, Dr. Schrickel stated that prior to the compensable injury, Ms. Johnston had never complained of low back or leg pain. She had no symptoms of a herniated disc or radiculopathy prior to the compensable injury. Dr. Schrickel denied treating Ms. Johnston for low back complaints prior to the compensable injury. On January 6, 2020, the claims administrator authorized reimbursement for a second lumbar spine injection and follow up with Dr. Pratt, as well as additional physical therapy.

Joseph Grady, M.D., performed an Independent Medical Evaluation on March 6, 2020, in which he found that Ms. Johnston had reached maximum medical improvement for her compensable injury. He assessed 0% impairment. Based on Dr. Grady's report, the claims administrator granted a 0% permanent partial disability award on March 12, 2020.

The Office of Judges affirmed the claims administrator's denial of the addition of L5-S1 disc herniation to the claim in its September 17, 2020, Order. The record indicates that Ms. Johnston had preexisting lumbar spine issues. Dr. Grady noted in his Independent Medical Evaluation that Ms. Johnston sustained an acute lumbar strain prior to the compensable injury for which she was treated with physical therapy, and the condition resolved. Further, Dr. Schrickel asserted in a letter that he never treated Ms. Johnston for lumbar spine issues; however, his treatment notes state that he performed adjustments to treat lumbar spine somatic dysfunction. The Office of Judges found that absent the MRI, the record was limited regarding diagnostic testing. There were no x-rays submitted and no EMG was performed. The Office of Judges concluded that

even though Dr. Schrickel treated Ms. Johnston for a significant amount of time, his notes were not sufficient evidence to add L5-S1 disc herniation to the claim. Also, the Diagnosis Update was completed by Ross Tennant, who was not a physician. The Office of Judges determined that Dr. Jin's report was the most reliable of record. Dr. Jin opined that Ms. Johnston's L5-S1 disc herniation was the result of degeneration, not the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 18, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The standard for the addition of a condition to a claim is the same as for compensability. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). A preponderance of the evidence indicates that Ms. Johnston did not develop a herniated L5-S1 disc as a result of the compensable injury. Though Ms. Johnston and Dr. Schrickel both denied lumbar spine treatment prior to the compensable injury, Dr. Schrickel's treatment notes stated otherwise. As the Office of Judges noted, Dr. Jin's evaluation was reliable and supported by the evidence of record.

Affirmed.

**ISSUED: September 19, 2022**


**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

4